**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 13-4120**

————————

UNITED STATES OF AMERICA,

       Plaintiff – Appellee,

   v.

GERARDO VILLALON HERNANDEZ,

       Defendant - Appellant.

————————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:10-cr-00053-MR-1)

————————

Submitted: September 10, 2013    Decided: October 17, 2013

————————

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

————————

Theresa A. Kennedy, LAW OFFICES OF THERESA A. KENNEDY, LLC, Washington, New Jersey, for Appellant. Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerardo Villalon Hernandez pleaded guilty to illegally reentering the United States after having previously been removed following a conviction for a felony, in violation of 8 U.S.C. § 1326(a), (b)(1) (2006). The district court sentenced Hernandez to fifty-seven months of imprisonment and he now appeals. Finding no error, we affirm.

Hernandez argues that the sentence is unreasonable because the district court failed to explicitly consider a sentence of probation. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). This review includes consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). In this case, Hernandez challenges only the procedural reasonableness of his sentence. In determining whether a sentence is procedurally reasonable, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen

2

sentence[.]" <u>Gall</u>, 552 U.S. at 51.  We will presume on appeal that a sentence within a properly calculated advisory Guidelines range is reasonable.  <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007); <u>see</u> <u>Rita v. United States</u>, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).  We have thoroughly reviewed the record and conclude that the sentence is procedurally reasonable.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3